In the Matter of BALDWIN–UNITED CORPORATION, D.H. Baldwin Company, et al., Debtors and Debtors in Possession.

Bankruptcy No. 1–83–02495.

United States Bankruptcy Court, S.D. Ohio, W.D.

March 2, 1984.

See also, Bkrtcy., 45 B.R. 385.

Robert White, Linda Smith, O'Melveny & Myers, Cal., for debtors.

## ORDER

(Stay of Adversary Proceedings)

RANDALL J. NEWSOME, Bankruptcy Judge.

These Chapter 11 cases are before the Court under the following circumstances: On March 1, 1984 this Court had before it a motion to approve an agreement between the Baldwin-United Corporation, D.H. Baldwin Company, the Indiana Insurance Rehabilitator and the Arkansas Insurance Rehabilitator. This agreement is the product of difficult negotiations between the parties, and by all accounts is a key element in the continued vitality of the debtors. Its most important feature is a standstill provision, whereby the parties agree to refrain from pursuing claims against each other as to certain assets held by insurance subsidiaries of the debtors for a period of 90 days. The claims referred to concern hundreds of millions of dollars in assets. Had the parties not reached this agreement, the debtors promptly would have become mired in litigation of such intensity as to make the prospects for reorganization virtually hopeless. The agreement was approved by this Court from the bench.

Counsel for the Baldwin-United Official Unsecured Creditors' Committee ("BUCC") rose in support of this agreement, and further stated that in that committee's view, a stay of all litigation pending in the Bankruptcy Court might be equally appropriate. Such a stay would allow all parties to turn all of their attention to the development of a plan of reorganization in these cases, and to provide time for consultation and negotiation with the insurance rehabilitators regarding these plans.

Counsel for the debtors and BUCC indicated that they were working on a proposed stipulation regarding a stay of all proceedings in *First National Bank of Chicago v. Baldwin-United Corp., et al.* This adversary proceeding was set for a pre-trial conference to be held on March 2, 1984. It is presently scheduled to go to trial on April 2, 1984. It has swollen into a maze of claims, motions, heated discovery proceedings, and general confusion.

On March 2 counsel for the BUCC presented a proposed stipulation which was unsigned by any of the parties in the *First National of Chicago* proceeding. The stipulation would provide for a stay of all proceedings in this litigation until June 1, 1984, but provides that the principal parties could, under certain circumstances, terminate the stay upon 14 days' notice to all parties. The Court would then be expected to reset the matter for trial within 30 days. We are told that the trial could last 3 months.

While the stipulation hadn't been signed, counsel for BUCC assured the Court that the "major" parties would sign it. Just who the "major" parties are was never defined. At least one group of parties, however, represented that they would not sign it. Other parties said they might sign it, but wanted additions or modifications in the language.

Apparently, counsel for BUCC anticipated that the Court would not rule on the motions to intervene, disqualify and sever claims filed by various parties, but would simply sign the stipulation and straighten out the chaos later. Counsel's expectations were dashed when the Court granted the motion of D.H. Baldwin Official Unsecured Creditors' Committee ("DHBCC") to sever BUCC's cross-claim, and also granted the Central Colorado Company's motion to intervene. Thereafter, general confusion reigned. Counsel for BUCC stated that they would not agree to the Stipulation if their cross-claim were severed. Counsel for DHBCC stated that all matters present-

ly pending should be held in abeyance, notwithstanding the fact that his committee's motion had just been granted. No one offered a satisfactory explanation as to how this Court was to untangle the snarl presented if the proceeding was not resolved during the 90 day stay, and still go to trial within 30 days thereafter. No one could offer assurances that no party would request an additional stay at the expiration of the 90-day period.

It is imbroglios such as this that have often made this Court wonder whether certain parties in these proceedings are pursuing their own agendas; whether many of the controversies presented to this Court have little to do with the business of reorganization; and whether time and resources are being wasted over battles that would be more profitably fought in a conference room rather than a courtroom.

One thing is certain: the debtors' assets are quickly being consumed, and may be totally expended, if a halt in the fighting is not imposed. A reasonable estimate of the interim fees requested for the period from September 26, 1983 to January 31, 1984 comes to a staggering $4 to $5 million. A large portion of these fees were incurred before the adversary proceedings in this Court were filed.

The time has come for the imposition of a standstill, not merely in the *First National of Chicago* adversary proceeding, but in all adversary proceedings in this Court. The time has come for the parties to enter into serious negotiations regarding their differences, and attempt to voluntarily resolve their disputes. This Court will require no less. In all likelihood, this will be their last chance to do so before these companies teeter over the brink and into liquidation, to the ruin of all involved.

Accordingly, it is hereby ORDERED as follows:

1. All adversary proceedings (with the exception of *Baldwin-United Corp. v. SEC*, Adv. No. 1–84–0059) which are presently pending in this Court are hereby STAYED until June 1, 1984. No motions, pleadings, or discovery shall be pursued, filed, or considered by this Court during this stay. The parties are directed to devote their full attention to the negotiation of a plan of reorganization and to resolving their disputes during this stay. A failure to abide by this direction may result in the denial of compensation or other appropriate sanction.

2. This stay shall not be construed as a limitation or prohibition upon the filing of adversary proceedings in this Court, provided, however, that no pleadings, motions, discovery, or other activity shall be filed and/or conducted subsequent to the filing of the complaint until the expiration of the stay. Parties may obtain relief from the stay upon the filing of a motion and a showing that they will be irreparably harmed if the stay continues.

3. The stay imposed by this Order shall not apply to motions for relief from the automatic stay imposed by § 362 of the Bankruptcy Code or to other contested matters as defined in Bankruptcy Rule 9014. The stay shall not apply to the Court-appointed Examiner's ongoing investigation.

4. Nothing in this Order shall be read in any way to modify or otherwise affect the automatic stay which has been imposed in these cases pursuant to 11 U.S.C. § 362.

5. All trial and pre-trial dates which have been set in adversary proceedings are hereby vacated until further order of this Court.

6. If the parties are unable to resolve the issues raised in *First National of Chicago v. Baldwin-United Corp., et al*, by June 1, this court shall set such case for trial within 30 days thereafter. The March 2, 1984 Orders of the Court granting the motion of Central Colorado Company to intervene, and the motion of the DHBCC to sever the cross-claim of BUCC are hereby reaffirmed. The Orders granting Chemical New York Corporation's motion to dismiss is reaffirmed. The Order severing Central Colorado Company's claims for setoff is hereby reaffirmed. All other motions shall be

heard prior to trial of this action, should a trial become necessary.

IT IS SO ORDERED.